# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40318
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

September 18, 2017

Lyle W. Cayce
Clerk

KENISHA S. BOYD,

       Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

       Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:15-CV-708

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

       Kenisha S. Boyd brought suit against her former employer, the Texas Department of Criminal Justice ("TDCJ"), under Title VII of the Civil Rights Act of 1964. The magistrate judge held a mediation conference and reported to the district court that "the conference resulted in a settlement." The district court twice granted the parties' joint motion to stay the proceedings to allow

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the parties to finalize the settlement agreement. In their second motion to stay, the parties asserted that they were "waiting on the finalization of the State of Texas settlement process before the release can be signed and a stipulation of dismissal can be filed with the Court." Boyd then moved the district court "to determine that no settlement agreement yet exists in this case, and that the purported settlement agreement . . . is not a valid and enforceable agreement." The district court denied her motion.

Boyd appeals the district court's denial of her motion. She asserts that this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, which provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." But the parties never filed a stipulation of dismissal with the district court, and the district court did not otherwise enter a final judgment resolving the dispute between the parties. Boyd does not invoke the collateral order doctrine, and in any case the validity of the settlement agreement is not "effectively unreviewable on appeal from a final judgment." *See In re Deepwater Horizon*, 793 F.3d 479, 484 (5th Cir. 2015) (setting forth the three-pronged test to apply the collateral order doctrine).

Because Boyd does not appeal a final decision of the district court, we DISMISS her appeal for lack of jurisdiction.